**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| THE ARTHUR L. CHRISTOFFERSEN IRREVOCABLE TRUST, u/d/o 11/19/1991, by and through its co-trustees, Teresa A. Christoffersen, Dawn Christoffersen Minkoff and Eric Matthew Christoffersen,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOW BOOK USA, INC.,<br><br>Defendant. | No. 06-CV-79-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*
*II.   BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
*III.  JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
*IV.   THE MERITS: WAS YELLOW BOOK'S REMOVAL TIMELY?* . . . . . . . . *6*
*V.    DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*I.  INTRODUCTION*

The matter before the court is the Motion to Remand ("Motion") (docket no. 7), filed by Plaintiff The Arthur Christoffersen Irrevocable Trust, u/d/o 11/19/1991, by and through its co-trustees, Teresa A. Christoffersen, Dawn Christoffersen Minkoff and Eric Matthew Christoffersen ("Trust").

## II. BACKGROUND

On April 13, 2006, the Trust filed a two-count Petition against McLeod USA Media Group, Inc. ("Media Group") in the Iowa District Court in and for Linn County. Count I of the Petition alleged a violation of the Iowa Wage Payment Collection Law, Iowa Code chapter 91A. Count II alleged common law breach of contract.

The Trust's action was based on a written contract between Arthur L. Christoffersen ("Christoffersen") and McLeod USA Publishing Company ("Publishing") dated September 16, 2002. Christofferson died on December 21, 2005. In the caption of the Petition, the Trust asserted that Media Group was "f/k/a McLeod USA Publishing Company, d/b/a Yellow Book USA."

On April 17, 2006, the Trust served Media Group by serving Media Group's registered agent, CT Corporation System ("CTCS"), with a copy of the Petition in Des Moines, Iowa. Media Group did not respond to the Petition.

On May 18, 2006, the Trust filed a Notice of Intent to File Written Application for Entry of Default ("Default Notice") in the Iowa District Court in and for Linn County. The Default Notice was addressed to Media Group, in care of John J. Butler, Esq., 398 EAB Plaza, Uniondale, New York, 11556, and CTCS, 2222 Grand Avenue, Des Moines, Iowa, 50312.

Mr. Butler is general counsel for Yellow Book USA, Inc. ("Yellow Book"). Yellow Book, like Media Group, employs CTCS as its registered agent and lists its home office in Uniondale, New York. Somehow, Mr. Butler learned of the lawsuit against Media Group.

On May 24, 2006, Mr. Butler called Mr. Leonard Strand, counsel for the Trust. Mr. Butler informed Mr. Strand that he should have named Yellow Book as the defendant in the lawsuit because (1) Yellow Book and Media Group are separate corporations and

(2) Yellow Book has assumed Publishing's liabilities with respect to the Christoffersen matter from Media Group.[1] Mr. Butler and Mr. Strand agreed that (1) the Trust would file an amended petition naming Yellow Book as the defendant; (2) Yellow Book would accept service of the amended petition by FedEx delivery; (3) Yellow Book would have twenty days from the date of its receipt of the amended petition to respond; and (4) Yellow Book would waive any claims or defenses as to service as to any subsidiaries of Yellow Book not being named in the action.

On May 25, 2006, Mr. Butler emailed Mr. Strand the details of the parties' May 24, 2006 oral agreement. Mr. Butler asked Mr. Strand to "indicate your agreement with the foregoing by return email." Exhibit K (docket no. 7-2).

On May 26, 2006, Mr. Strand replied to Mr. Butler's email and stated:

> John:
>
> Thank you for your message. Based on your representation that [Yellow Book] . . . is the current successor-in-interest to [Publishing], we are in agreement that:
>
> 1. We will file an amended petition substituting [Yellow Book] . . . as the defendant;
>
> 2. We will supply you with a copy of that amended petition by overnight delivery; and
>
> 3. [Yellow Book] will have 20 days following delivery of the amended petition to file its response.
>
> As I explained [in our phone conversation], we named [Media

---

[1] The details of this transfer are not in the record, but, in its Answer, Yellow Book admits that it is the successor in interest to Publishing and has assumed all of its rights, obligations and liabilities. Answer (docket no. 4), at ¶ 3.

> Group] as the defendant in reliance on documents on file with the Iowa Secretary of State. Those documents reflected that [Publishing] was merged into [Media Group]. They also appear to reflect another merger involving [Media Group], but not into [Yellow Book]. However, subsequent filings then reinstated [Media Group] as a corporation, designated [CTCS] as its agent for service of process and listed various Yellow Book officers as being the officers of [Media Group]. Based on that information, and the lack of any filings showing that [Media Group] was ever merged into [Yellow Book], we concluded that [Media Group] remained the appropriate entity to name as the defendant as successor to [Publishing].
>
> All of this may be technical and unimportant, but I do want to make it clear that our agreement to the terms described above does not constitute an admission on our part that the initial service of process on [CTCS] was ineffective. It is our position that we were entitled to rely on publicly filed documents and believe that if [Yellow Book] is in fact the successor to [Media Group] then [Yellow Book] was bound by the service of process that occurred on April 17.
> . . . .
> Len Strand

*Id.* On the same date, Mr. Butler responded: "Thanks, Len. I am fine with all of your points." *Id.*

On May 30, 2006, the Trust filed a Second Amended Petition in the Iowa District Court in and for Linn County.[2] The Second Amended Petition named Yellow Book, not Media Group, as the defendant in the action. On May 31, 2006, Yellow Book received a copy of the Second Amended Petition.

On June 21, 2006, Yellow Book filed a Notice of Removal in this court. Yellow

---

[2] The Trust filed a First Amended Petition on April 14, 2006, but it is not relevant to the Motion.

4

Book invokes this court's diversity subject-matter jurisdiction.

On June 28, 2006, Yellow Book filed an Answer in this court, in which it denies the substance of the Second Amended Petition.

On July 21, 2006, the Trust filed the instant Motion to Remand. On August 4, 2006, Yellow Book filed a Resistance. On August 11, 2006, Plaintiff filed a Reply.

### III. JURISDICTION

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The court finds that Yellow Book's invocation of the court's diversity jurisdiction is appropriate.

The amount in controversy exceeds $75,000. The parties are citizens of different states. Yellow Book is a Delaware corporation with its principal place of business in Uniondale, New York. The Trust is a citizen of Iowa. In concluding that the Trust is a citizen of Iowa, the court "disregard[s] nominal or formal parties and rest[s] jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). "A trust has the citizenship of its trustee or trustees." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing *Navarro*, 446 U.S. at 464). Although the trustees variously live in Iowa and Missouri, as "the legal representative[s] of the estate of a decedent [the trustees] shall be deemed to be a citizen only of the same State as the decedent . . . ." 28 U.S.C. § 1332(c)(2); *see, e.g., In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 725 (S.D.N.Y. 2003) (examining whether diversity subject-matter jurisdiction existed amongst various estates and focusing on the residences of the decedents). Because Christoffersen was a citizen of Linn County, Iowa, the three trustees of his estate—and hence the Trust—are deemed citizens of Iowa.

Because all of the amount in controversy and citizenship requirements of § 1332(a)(1) are clearly met, the only issue is whether Yellow Book's Notice of Removal was timely.

## IV. THE MERITS: WAS YELLOW BOOK'S REMOVAL TIMELY?

In a civil action, a notice of removal generally must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based . . . ." 28 U.S.C. § 1446(b). Although parties can waive their right to remove a civil action to federal court, such waivers must be "'clear and unequivocal.'" *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989) (quoting 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.157[9] (2d ed. 1987)). Because Yellow Book did not clearly and unequivocally waive its right to removal,[3] the court turns to consider whether the Notice of Removal was timely filed.

The Trust argues that Yellow Book's Notice of Removal is untimely because it was filed more than thirty days after service on Media Group. The Trust contends that Yellow Book is bound by the service of the Petition on April 17, 2006 on Media Group and, therefore, it had to file a notice of removal on or before May 17, 2006. As indicated, the Notice of Removal was not filed until June 21, 2006. The Trust concludes that this court must remand this matter to the Iowa District Court in and for Linn County.

The crucial premise in the Trust's argument is that Yellow Book is bound by the service of the Petition on Media Group. The Trust contends that, for purposes of 28 U.S.C. § 1446(b), Media Group and Yellow Book are the same company and hence the

---

[3] In its Resistance, Yellow Book argues that the May 26, 2006 email from Mr. Butler to Mr. Strand was not a waiver of Yellow Book's right to removal. The Trust does not make any such argument and, in any event, cites no authority for such an argument.

same "defendant." The Trust points out that Media Group and Yellow Book have the same registered agent, some Yellow Book officers are officers of Media Group and both have a home office in Uniondale, New York. The Trust also notes that, under Iowa law, when two companies merge, the survivor continues in existence, Iowa Code § 490.1107(1)(*a*) (2005), every other corporation involved in the merger ceases existence, *id.* § 490.1107(1)(*b*), and the surviving corporation assumes all liabilities of the non-surviving corporations, *id.* § 490.1107(1)(*d*). Thus, when Publishing merged into Media Group on September 1, 2004, Media Group assumed all liabilities of Publishing. *Id.*

Every defendant is entitled to thirty days to remove a case to federal court. *See Marano Enters. v. Z-Teca Rests.*, 254 F.3d 753, 756 (8th Cir. 2001) (examining multiple defendants in a case). All of the available evidence in the record shows that Media Group and Yellow Book are separate companies. There is no evidence that Media Group merged into Yellow Book. To the contrary, the Iowa Secretary of State presently lists Media Group as an "active" Iowa corporation. Media Group's registered agent is CTCS, 2222 Grand Avenue, Des Moines, Iowa, 50312. Its home office is 398 EAB Plaza, Uniondale, New York, 11556. On the other hand, the Iowa Secretary of State lists Yellow Book as an "active" Delaware corporation registered to do business in Iowa. Yellow Book retains CTCS, 2222 Grand Avenue, Des Moines, Iowa, 50312, as its registered agent. Yellow Book's home office is listed at 398 Reckson Plaza, Uniondale, New York, 11556.

The court cannot speculate that the two companies are the same company simply because they share a registered agent, both have addresses in Uniondale, New York[4] and some Yellow Book officers are officers of Media Group. Yellow Book cannot be denied its statutory right to remove the Second Amended Petition simply because the Trust filed

---

[4] The court notes that the companies have different street addresses in Uniondale, New York.

a different petition naming a different defendant at an earlier time. *See id.*

In any event, this action was not removable until the Second Amended Petition was filed. The Trust does not dispute that, in the Petition, Media Group was listed as an Iowa corporation. Thus, there was not diversity between the parties listed in the Petition and, therefore, the Petition was not removable. 28 U.S.C. § 1332(c)(1). Critically, it was not ascertainable from the four corners of the Petition that diversity existed until the Trust filed the Second Amended Petition and Yellow Book, a non-Iowa citizen, was substituted as the defendant in lieu of Media Group. It is ascertainable that diversity jurisdiction exists "only when the complaint explicitly exposes" that such jurisdiction exists. *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (discussing amount in controversy requirement and citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).[5] "This rule 'promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know.'" *Id.* (quoting *Chapman*, 969 F.2d at 163).

---

[5] Similarly, Corpus Juris Secundum states:

> The inquiry to determine when the time period for filing a notice of removal commences may be limited to an examination of the information contained within the four corners of the document from which removability is to be determined. The time for removal does not run where the defendant cannot be sure that the case is removable, and does not run unless it is unambiguously obvious on the face of the document that the case is removable. In such a case, it is irrelevant that the defendant has actual knowledge of facts justifying removal.

C.J.S. *Remove* § 141 (footnotes omitted); *cf. LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839, 845-46 (S.D. Iowa 2005) (Gritzner, J.) (examining *Willis* and reaching similar conclusions).

It also prevents a plaintiff from disguising that diversity jurisdiction exists in order to avoid removal to federal court. *Id.*

Section 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). Because only the Second Amended Petition explicitly exposes diversity between the parties, the clock did not start running until Yellow Book received it. *Id.*

In sum, the court holds that Yellow Book filed its Notice of Removal within thirty days of the time it received the Second Amended Petition. Therefore, removal was proper. *Id.* § 1446(b).

## V. DISPOSITION

**IT IS THEREFORE ORDERED** that the Trust's Motion to Remand (docket no. 7) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 11th day of October, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA